**UNITED STATES OF AMERICA**
**MERIT SYSTEMS PROTECTION BOARD**

GLENNIS P. SMITHERMAN,
     Appellant,

    v.

DEPARTMENT OF THE TREASURY,
     Agency.

DOCKET NUMBER
CH-315H-16-0468-I-1

DATE: April 29, 2022

# THIS FINAL ORDER IS NONPRECEDENTIAL[1]

<u>Glennis P. Smitherman</u>, Cleveland, Ohio, pro se.

<u>Pamela D. Langston-Cox</u>, Esquire, and <u>Russ Eisenstein</u>, Esquire, Chicago,
    Illinois, for the agency.

**BEFORE**

Raymond A. Limon, Vice Chair
Tristan L. Leavitt, Member

**FINAL ORDER**

¶1    The appellant has filed a petition for review of the initial decision, which dismissed the appeal for lack of jurisdiction. Generally, we grant petitions such as this one only in the following circumstances: the initial decision contains erroneous findings of material fact; the initial decision is based on an erroneous

---

[1] A nonprecedential order is one that the Board has determined does not add significantly to the body of MSPB case law. Parties may cite nonprecedential orders, but such orders have no precedential value; the Board and administrative judges are not required to follow or distinguish them in any future decisions. In contrast, a precedential decision issued as an Opinion and Order has been identified by the Board as significantly contributing to the Board's case law. *See* 5 C.F.R. § 1201.117(c).

interpretation of statute or regulation or the erroneous application of the law to the facts of the case; the administrative judge's rulings during either the course of the appeal or the initial decision were not consistent with required procedures or involved an abuse of discretion, and the resulting error affected the outcome of the case; or new and material evidence or legal argument is available that, despite the petitioner's due diligence, was not available when the record closed. Title 5 of the Code of Federal Regulations, section 1201.115 (5 C.F.R. § 1201.115). After fully considering the filings in this appeal, we conclude that the petitioner has not established any basis under section 1201.115 for granting the petition for review. Therefore, we DENY the petition for review and AFFIRM the initial decision, which is now the Board's final decision. 5 C.F.R. § 1201.113(b).

¶2        It is undisputed that, on December 14, 2015, the appellant received a career‑conditional appointment to the competitive-service position of GS-0962-05 Contact Representative, subject to the satisfactory completion of a 1-year probationary period. Initial Appeal File (IAF), Tab 1 at 1, 8. On June 10, 2016, prior to the completion of her probationary period, she was terminated for performance deficiencies. IAF, Tab 1 at 8, Tab 9 at 9. The appellant filed the instant appeal defending her performance and alleging that she was subjected to age discrimination, bullying, and retaliation for approaching her union with complaints about her immediate supervisor and to help her understand how her supervisor was monitoring her and conducting her appraisals. IAF, Tab 1 at 5, 11-19.

¶3        After informing the appellant of her jurisdictional burden and providing her an opportunity to respond, IAF, Tab 3 at 2-5, the administrative judge issued an initial decision that dismissed the appeal for lack of jurisdiction because the appellant failed to make a nonfrivolous allegation that she was an "employee" under 5 U.S.C. § 7511(a)(1) with Board appeal rights under 5 U.S.C. chapter 75 or that she had a basis to appeal on one of the limited grounds set forth in 5 C.F.R. § 315.806, IAF, Tab 10, Initial Decision (ID) at 4-5. The appellant has

filed a petition for review, arguing that the administrative judge ignored her substantive arguments and that she had prior Federal service from 1965 to 1967. Petition for Review (PFR) File, Tab 2 at 3-5, 8-9. The agency has opposed the appellant's petition, and the appellant has filed a reply to the agency's opposition. PFR File, Tabs 4-5.

¶4 To establish Board jurisdiction over an appeal of an adverse action under 5 U.S.C. chapter 75, an individual must, among other things, show that she satisfies one of the definitions of "employee" in 5 U.S.C. § 7511(a)(1). *Walker v. Department of the Army*, 119 M.S.P.R. 391, ¶ 5 (2013). For an individual in the competitive service, this generally means that she must either (1) not be serving a probationary or trial period under an initial appointment, or (2) have completed 1 year of current continuous service under other than a temporary appointment limited to 1 year or less. 5 U.S.C. § 7511(a)(1)(A); *see Walker*, 119 M.S.P.R. 391, ¶ 5. In an adverse action appeal, if an appellant makes a nonfrivolous allegation of Board jurisdiction, she is entitled to a hearing at which she must prove jurisdiction by preponderant evidence. *Barrand v. Department of Veterans Affairs*, 112 M.S.P.R. 210, ¶ 8 (2009). Nonfrivolous allegations of jurisdiction are allegations of fact that, if proven, could establish that the Board has jurisdiction over the matter at issue. *Walker*, 119 M.S.P.R. 391, ¶ 6 n.2; 5 C.F.R. § 1201.4(s).

¶5 Here, there is no dispute that the appellant was appointed to her position on December 14, 2015, subject to a 1-year probationary period, and she was terminated approximately 6 months into her probationary period. ID at 2; IAF, Tab 1 at 1, 8, Tab 9 at 9. Thus, it is undisputed that the appellant was terminated while still serving her probationary period, foreclosing any claim to Board appeal rights under 5 U.S.C. § 7511(a)(1)(A)(i).

¶6 On review, the appellant claims that her alleged prior Federal service from 1965 to 1967 should be considered for purposes of establishing jurisdiction under 5 U.S.C. § 7511(a)(1)(A)(ii). PFR File, Tab 2 at 9. Prior Federal service in

competitive-service positions can be credited towards completion of a later probationary period in a competitive-service position if the employee shows the following: (1) the prior service was rendered immediately preceding the appointment; (2) it was performed in the same agency; (3) it was performed in the same line of work; and (4) it was completed with no more than one break in service of less than 30 days. *Hurston v. Department of the Army*, 113 M.S.P.R. 34, ¶ 9 (2010); 5 C.F.R. § 315.802(b). Here, the appellant cannot meet the first and fourth factors because the alleged prior Federal service occurred approximately 50 years before the instant appointment, with a 48-year break in service. Additionally, she has failed to allege any facts that, if proven, could establish the remaining factors. Her only assertion is that the prior Federal service was performed at the same Federal building as the position from which she was terminated. PFR File, Tab 2 at 9. We find that her assertions are insufficient to establish a nonfrivolous allegation of creditable prior Federal service amounting to 1 year of current continuous service pursuant to 5 U.S.C. § 7511(a)(1)(A)(ii).

¶7         Because the appellant failed to make a nonfrivolous allegation that she was not serving a probationary period at the time of her termination or that she had any creditable prior Federal service amounting to 1 year of current continuous service, we agree with the administrative judge's conclusion that the appellant failed to nonfrivolously allege that she is an "employee" within the meaning of 5 U.S.C. § 7511(a)(1). Therefore, the appellant has no chapter 75 appeal rights before the Board.[2] Absent an otherwise appealable action, we lack jurisdiction

---

[2] A probationary employee who lacks chapter 75 appeal rights may have the right to appeal a termination to the Board on the limited grounds set forth in 5 C.F.R. § 315.806. *Walker*, 119 M.S.P.R. 391, ¶ 5. The administrative judge found, and we agree, that the appellant did not allege that she met any of the limited categories discussed in the regulations. ID at 3-4. The appellant does not challenge this finding on review, and we find no reason to disturb it.

over the appellant's discrimination claim. PFR File, Tab 2 at 9; *see Penna v. U.S. Postal Service*, 118 M.S.P.R. 355, ¶ 13 (2012).

¶8      Regarding the appellant's retaliation claim, the precise nature of this claim is unclear, but we find no potential for jurisdiction over this matter as an individual right of action (IRA) appeal at this time because the appellant's own submissions reflect that she did not file for corrective action with the Office of Special Counsel (OSC), which is a prerequisite for an IRA appeal. IAF, Tab 1 at 4; *see* 5 U.S.C. § 1214(a)(3); *Davis v. Small Business Administration*, 74 M.S.P.R. 281, 288 (1997) (finding that, because the appellant's own submissions established that she had not sought corrective action from OSC, she could not have made a nonfrivolous allegation of the Board's jurisdiction over an IRA appeal, regardless of whether the administrative judge had apprised her of the requirements for establishing jurisdiction over an IRA appeal).

¶9      Accordingly, we find no basis to disturb the initial decision.

## NOTICE OF APPEAL RIGHTS[3]

You may obtain review of this final decision. 5 U.S.C. § 7703(a)(1). By statute, the nature of your claims determines the time limit for seeking such review and the appropriate forum with which to file. 5 U.S.C. § 7703(b). Although we offer the following summary of available appeal rights, the Merit Systems Protection Board does not provide legal advice on which option is most appropriate for your situation and the rights described below do not represent a statement of how courts will rule regarding which cases fall within their jurisdiction. If you wish to seek review of this final decision, you should immediately review the law applicable to your claims and carefully follow all

---

[3] Since the issuance of the initial decision in this matter, the Board may have updated the notice of review rights included in final decisions. As indicated in the notice, the Board cannot advise which option is most appropriate in any matter.

filing time limits and requirements. Failure to file within the applicable time limit may result in the dismissal of your case by your chosen forum.

Please read carefully each of the three main possible choices of review below to decide which one applies to your particular case. If you have questions about whether a particular forum is the appropriate one to review your case, you should contact that forum for more information.

**(1) <u>Judicial review in general</u>**. As a general rule, an appellant seeking judicial review of a final Board order must file a petition for review with the U.S. Court of Appeals for the Federal Circuit, which must be <u>received</u> by the court within **60 calendar days** of <u>the date of issuance</u> of this decision. 5 U.S.C. § 7703(b)(1)(A).

If you submit a petition for review to the U.S. Court of Appeals for the Federal Circuit, you must submit your petition to the court at the following address:

U.S. Court of Appeals
for the Federal Circuit
717 Madison Place, N.W.
Washington, D.C. 20439

Additional information about the U.S. Court of Appeals for the Federal Circuit is available at the court's website, www.cafc.uscourts.gov. Of particular relevance is the court's "Guide for Pro Se Petitioners and Appellants," which is contained within the court's Rules of Practice, and Forms 5, 6, 10, and 11.

If you are interested in securing pro bono representation for an appeal to the U.S. Court of Appeals for the Federal Circuit, you may visit our website at http://www.mspb.gov/probono for information regarding pro bono representation for Merit Systems Protection Board appellants before the Federal Circuit. The Board neither endorses the services provided by any attorney nor warrants that any attorney will accept representation in a given case.

(2) **Judicial or EEOC review of cases involving a claim of discrimination**.  This option applies to you only if you have claimed that you were affected by an action that is appealable to the Board and that such action was based, in whole or in part, on unlawful discrimination.  If so, you may obtain judicial review of this decision—including a disposition of your discrimination claims—by filing a civil action with an appropriate U.S. district court (*not* the U.S. Court of Appeals for the Federal Circuit), within **30 calendar days** after you receive this decision.  5 U.S.C. § 7703(b)(2); *see Perry v. Merit Systems Protection Board*, 582 U.S. ____ , 137 S. Ct. 1975 (2017).  If you have a representative in this case, and your representative receives this decision before you do, then you must file with the district court no later than **30 calendar days** after your representative receives this decision.  If the action involves a claim of discrimination based on race, color, religion, sex, national origin, or a disabling condition, you may be entitled to representation by a court-appointed lawyer and to waiver of any requirement of prepayment of fees, costs, or other security.  *See* 42 U.S.C. § 2000e-5(f) and 29 U.S.C. § 794a.

Contact information for U.S. district courts can be found at their respective websites, which can be accessed through the link below:

http://www.uscourts.gov/Court_Locator/CourtWebsites.aspx.

Alternatively, you may request review by the Equal Employment Opportunity Commission (EEOC) of your discrimination claims only, excluding all other issues.  5 U.S.C. § 7702(b)(1).  You must file any such request with the EEOC's Office of Federal Operations within **30 calendar days** after you receive this decision.  5 U.S.C. § 7702(b)(1).  If you have a representative in this case, and your representative receives this decision before you do, then you must file with the EEOC no later than **30 calendar days** after your representative receives this decision.

If you submit a request for review to the EEOC by regular U.S. mail, the address of the EEOC is:

Office of Federal Operations
Equal Employment Opportunity Commission
P.O. Box 77960
Washington, D.C.  20013

If you submit a request for review to the EEOC via commercial delivery or by a method requiring a signature, it must be addressed to:

Office of Federal Operations
Equal Employment Opportunity Commission
131 M Street, N.E.
Suite 5SW12G
Washington, D.C.  20507

**(3) Judicial review pursuant to the Whistleblower Protection Enhancement Act of 2012**.  This option applies to you only if you have raised claims of reprisal for whistleblowing disclosures under 5 U.S.C. § 2302(b)(8) or other protected activities listed in 5 U.S.C. § 2302(b)(9)(A)(i), (B), (C), or (D). If so, and your judicial petition for review "raises no challenge to the Board's disposition of allegations of a prohibited personnel practice described in section 2302(b) other than practices described in section 2302(b)(8), or 2302(b)(9)(A)(i), (B), (C), or (D)," then you may file a petition for judicial review either with the U.S. Court of Appeals for the Federal Circuit or any court of appeals of competent jurisdiction.[4]  The court of appeals must receive your petition for review within **60 days** of the date of issuance of this decision. 5 U.S.C. § 7703(b)(1)(B).

---

[4] The original statutory provision that provided for judicial review of certain whistleblower claims by any court of appeals of competent jurisdiction expired on December 27, 2017.  The All Circuit Review Act, signed into law by the President on July 7, 2018, permanently allows appellants to file petitions for judicial review of MSPB decisions in certain whistleblower reprisal cases with the U.S. Court of Appeals for the Federal Circuit or any other circuit court of appeals of competent jurisdiction. The All Circuit Review Act is retroactive to November 26, 2017.  Pub. L. No. 115-195, 132 Stat. 1510.

If you submit a petition for judicial review to the U.S. Court of Appeals for the Federal Circuit, you must submit your petition to the court at the following address:

U.S. Court of Appeals
for the Federal Circuit
717 Madison Place, N.W.
Washington, D.C. 20439

Additional information about the U.S. Court of Appeals for the Federal Circuit is available at the court's website, www.cafc.uscourts.gov. Of particular relevance is the court's "Guide for Pro Se Petitioners and Appellants," which is contained within the court's Rules of Practice, and Forms 5, 6, 10, and 11.

If you are interested in securing pro bono representation for an appeal to the U.S. Court of Appeals for the Federal Circuit, you may visit our website at http://www.mspb.gov/probono for information regarding pro bono representation for Merit Systems Protection Board appellants before the Federal Circuit. The Board neither endorses the services provided by any attorney nor warrants that any attorney will accept representation in a given case.

Contact information for the courts of appeals can be found at their respective websites, which can be accessed through the link below:

http://www.uscourts.gov/Court_Locator/CourtWebsites.aspx.

FOR THE BOARD:                           /s/ for
                                         _____
                                         Jennifer Everling
                                         Acting Clerk of the Board
Washington, D.C.